ROPER VS UNITED STATES.

Opinion rendered September 26, 1907.

(104 S. W. Rep. 584).

1. *Criminal Law—Arraignment—Waiver.*
    Mansf. Dig. § 2154 (Ind. Ter. Ann. St. 1899, § 1457), expressly provides that the arraignment of defendant may be dispensed with by defendant's consent.

2. *Homicide—Admissibility of Evidence—Previous Acts of Person Assaulted.*
    That two or three days before defendant made an assault on prosecutor with intent to kill, prosecutor and others made an unprovoked attack on defendant with weapons, would not justify the assault

made by defendant, prosecutor at the time of assault on him making
no attack on defendant, and it was not error to exclude evidence
thereof.

3. *Criminal Law—Appeal—Instructions.*

An assignment of error against the instructions cannot be considered,
where no exception was taken to the instructions given and the
court did not refuse any instructions offered by appellant.

4. *Same—Trial—Instructions.*

The failure to charge on aggravated assault and simple assault was
not error, in a trial for assault with intent to kill, where no request
was made for instructions thereon.

5. *Same—Absence of Counsel—Continuance.*

It is within the power of the court to continue a case or not because
of the absence of an attorney, and it was not error to refuse a con-
tinuance in order that an attorney, kept away by sickness is his
family, might attend.

Appeal from the United States Court for the Central
District of the Indian Territory; before Justice T. C. Humphrey,
October 10, 1904.

J. R. Roper was convicted of an assault with intent
to kill, and he appeals. Affirmed.

*J. P. Lockwood,* for appellant.

*J. H. Wilkins,* U. S. Atty.

GILL, C. J. Defendant was indicted for an assault
with intent to kill, tried to a jury, found guilty, and sentenced
to the penitentiary for one year and one day, and the case
now stands in this court on appeal.

The evidence in this case shows, in substance: That
on July 4, 1901, Hugh Dalrymple, the injured party, was stand-
ing in front of a store building in the town of Coalgate, reading
a poster, when defendant approached him saying: "Why
did you attack me the other night as you did?" Dalrymple
replied: "I did not attack you." When defendant replied:
"They tell me you are the man." That, after some words
passed, Dalrymple turned to leave the place, when defendant
caught him by the arm and shoulder, saying: "You are not

going to get out of it that easy." And, as Dalrymple tried to pull loose, defendant cut him several times with a knife on the cheek, shoulder, and chest, inflicting serious and dangerous wounds, from which Dalrymple would have died but for the prompt assistance of a physician. Defendant testified for himself, and said substantially: "I walked up to where prosecutor stood, and asked him: 'What made you attack me the other night as you did?' He replied: 'I don't want to have anything to do with you or any of these damn scabs.' When he said this, I started towards him. He picked up a rock near the northeast corner of the building, and drew it back as if to strike me when I cut him. I caught him with one hand. I had already quit cutting him when Willard came up. When Willard told me to shut my knife, I did so, telling him to make prosecutor throw down his rock. The rock which prosecutor had was large, so that he could just hold it well in his hand. It had no intention of killing Dalrymple, and I went only so far as I deemed necessary to stop him. I quit of my own accord, and no one stopped me. The knife with which I cut the prosecutor was a rather small pocket knife, one with which I had cut fuse. I did not open the knife until after the prosecutor started as if to get a rock." Defendant then offered to prove that prosecutor, with two others, had two or three days before made an assault upon him in the nighttime, which was unprovoked, and in which he, defendant, was struck by one of them with some heavy metallic instrument and knocked senseless. Counsel for the government objected to this. The court sustained the objection, and defendant excepted.

Appellant assigns six errors; the first being that the appellant was not arraigned as required by law. The record discloses that defendant appeared in open court on October 3, 1904, in person and by attorney, and waived formal arraignment and pleaded not guilty. This the statute (Mansf. Dig.

§ 2154 [Ind. Ter. Ann. St. 1899, § 1497]) permits the defend-
ant to do.

The second assignment is that the court committed
error in excluding from the jury the offer of appellant to prove
that two or three days before the difficulty prosecutor and
other men had made an unprovoked night attack upon appellant
with weapons. We do not think that, if this evidence had
been permitted to be introduced, it would at all have justified
appellant in attacking and cutting a man whom the evidence
shows to have been standing in an inoffensive manner. The
jury heard the testimony in the case, and heard defendant's
testimony and claim that the prosecutor was about to attack
him with a rock at the time he did the cutting, and passed
upon the relative value of the testimony of the two men, and
we do not think that the action of the court in refusing to
admit this testimony was error.

The third assignment of error is a long attack upon
the instructions of the court. There was no exception taken
to the court's instructions, nor did the court refuse any in-
structions offered by appellant, and consequently we cannot
consider that assignment of error.

The fourth assignment is that the court erred in failing
to instruct the jury on the question of aggravated assault;
and the fifth assignment is that the court erred in failing to
instruct the jury on the question of simple assault. Instructions
upon these questions were not requested. It was for the
court to determine whether under the evidence included within
the offense charged by the indictment were aggravated assault
and simple assault, and failure to so instruct when not requested
by appellant is not error.

The sixth assignment of error is that the court erred
in overruling appellant's motion for new trial. The only
additional ground set up in the motion for a new trial to the
matters complained of in the assignment of errors is that the

court refused to continue the case to permit J. R. Lockwood, appellant's attorney, to try the case. It seems from the affidavits in the record that Lockwood was unable to attend court when the case was called for ·trial on account of sickness in his family, and that the court refused a continuance to permit Lockwood to attend· court to try the case, and that appellant proceeded to try the case with different attorneys, Messrs. Wood & Ralls. Certainly the court had authority to continue or not to continue the case because of the· absence of attorneys, and it is not error for the court to refuse to continue the case to permit some particular attorney to attend the trial.

Upon the whole record in the case, the conviction of defendant was justified by the evidence, and this court, finding no error in the record, affirms the decision of the court below.

CLAYTON, TOWNSEND, and LAWRENCE, JJ., concur.